## Case No. 16,998.
### VON STADE v. ARTHUR.

[13 Blatchf. 251;[1] 22 Int. Rev. Rec. 267.]

Circuit Court, S. D. New York.  Jan. 19, 1876.

CUSTOMS DUTIES—CLASSIFICATION—BRISTLES.

In the tariff acts, the article of bristles is separately classified, and is regarded as a different article from hair, and bristles are not included in the general words, "the hair of an animal."

[This was an action by Frederick W. Von Stade against Chester A. Arthur, collector of the port of New York, to recover duties paid under protest.]

Edward Hartley, for plaintiff.
George Bliss, U. S. Dist. Atty.

SHIPMAN, District Judge. The second section of the act of June 6, 1872 (17 Stat. 231), provided, that, on and after August 1st, 1872, the existing duties upon the articles which are enumerated in the section should be reduced ten per centum. The section specifies, among the enumerated articles, "all wools, hair of the alpaca goat, and other animals, and all manufactures wholly or in part of wool, or hair of the alpaca and other like animals, except as hereinafter provided." The question in this case is, whether the duty of fifteen cents per pound upon hogs' bristles was reduced by virtue of the act which has been cited.

Waiving the question, whether it was the intention of congress to reduce the duty upon the hair of all animals, whether such hair was used or not in the manufacture of textile fabrics, I am of opinion, that, in the tariff acts, the article of bristles is separately classified, and is regarded as a different article from hair. This will appear from the act of June 30, 1864 (13 Stat. 212), which prescribes a duty upon bristles of fifteen cents per pound, and upon hogs' hair of one cent per pound. The language of the Revised Statutes of 1874 (page 480) is "Bristles, fifteen cents per pound;" "hair of hogs, one cent per pound." The term "bristles" is used in the tariff acts to denote a separate and distinct article from hair, and the bristles are not included in the general words "the hair of an animal," but have a distinct classification.

Let judgment be entered for the defendant.

## Case No. 16,999.
### VOORHEES v. ALBRIGHT.

[2 N. J. Law J. 57.]

Circuit Court, D. New Jersey.  1879.

REMOVAL OF CAUSES — CONTEMPT PROCEEDINGS.

[Where a rule to show cause why defendant should not be attached for contempt for violating an injunction was granted by the state court before removal of the cause, held, that the federal court would remand the contempt proceedings while retaining the main cause for adjudication.]

Voorhees filed a bill in chancery against Albright to restrain him from disposing of certain mortgaged chattels. After answer, an order was made requiring an inventory of the goods, and enjoining the defendant from reducing the stock below its value when mortgaged. About a year after, no proofs having been taken, the complainant obtained an order for further examination of the stock, and that defendant show cause why an attachment should not issue against him for a violation of the injunction. Before the hearing of this rule, Albright filed a petition to remove the case to the United States circuit court, the parties being citizens of different states. A motion was then made to remand, on the ground that a cause could not be removed pending proceedings for contempt, nor as a mode of escaping the consequences of a breach of the injunction. The defendant insisted that his right to remove was absolute, and that the circuit court could deal with the alleged breach of the injunction, which he denied.

THE COURT held that the cause was properly removed, but that any alleged contempt of the court of chancery while the cause was in that court must be disposed of by that court; and an order was thereupon made remanding the proceedings for contempt, and retaining the cause itself for adjudication in the circuit court.

## VOORHEES (BANK OF THE UNITED STATES v.).  See Case No. 939.

## Case No. 17,000.
### VOORHEES v. FRISBIE.

[Nowhere reported; opinion not now accessible.]

## Case No. 17,001.
### VOORHIES v. BONESTEEL et al.

[7 Blatchf. 495.][1]

Circuit Court, E. D. New York.  July 22, 1870.[2]

HUSBAND AND WIFE — SEPARATE PROPERTY OF WIFE—CARRYING ON TRADE—RIGHTS OF HUSBAND.

1. Under the laws of New York, as interpreted by the courts of the state, a married woman may own property of every description, in the same manner as if she were a feme sole. She may engage in trade, and her labor and her time are not the property of her husband. She may even employ the time and the labor of her husband in the business of using her capital in trade, and she may support her husband out of the profits of her business; but these facts will not make the business or its profits the property of the husband.

2. A conveyance of property to a married woman, in fulfilment of an agreement made in good faith between her and the grantor, does not, under the laws of New York, entitle her husband to the property, even though labor and services performed by him formed a part of the inducements to the making of the agreement.